# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP754-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael M. Rajek, Attorney at Law: |
| | Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　v.<br>Michael M. Rajek,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST RAJEK

| | |
|---|---|
| OPINION FILED: | September 15, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP754-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael M. Rajek, Attorney at Law:**

**Office of Lawyer Regulation,**

                    **Complainant,**

     **v.**

**Michael M. Rajek,**

                    **Respondent.**

**FILED**

**SEP 15, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.   *Complaint dismissed.*

¶1    PER CURIAM.   We review Referee James R. Erickson's report recommending, consistent with a stipulation executed by the Office of Lawyer Regulation (OLR) and Attorney Michael M. Rajek, that we dismiss a pending disciplinary complaint against Attorney Rajek.   We agree with the OLR's discretionary determination that the alleged rule violations do not warrant discipline in light of our decision in In re Disciplinary Proceedings Against Rajek, 2015 WI 18, 361 Wis. 2d 60, 859

N.W.2d 439. (Rajek I.) We therefore dismiss the complaint. No costs will be imposed.

¶2 Attorney Rajek was admitted to the practice of law in Wisconsin in 1974. In 1986, he received a consensual private reprimand for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Private Reprimand No. 1986-5. In 2006, he received a consensual public reprimand for misconduct consisting of committing a criminal act that reflected adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Public Reprimand of Michael J. Rajek No. 2006-4 (electronic copy available at https://compendium.wicourts.gov/app/raw/001848.html).

¶3 On April 7, 2014, the OLR filed the disciplinary complaint presently before this court. It alleged four counts of misconduct involving two clients and it sought a 60-day license suspension and costs. Two of the counts of alleged misconduct involved deficiencies in the fee agreement Attorney Rajek used. The fee agreement required a client to pay a specified amount of money up-front before Attorney Rajek would commence work. Although characterized as a "non-refundable retainer" the payment was actually an "advanced fee" as defined in SCR 20:1.0(ag). The fee agreement stated that the fee would not be held in trust, thus rendering it subject to SCR 20:1.15(b)(4m) ("Alternative protection for advanced fees.") This rule provides that an attorney electing not to hold an advanced fee in trust must provide certain notices to the

2

client, in writing, upon accepting the advanced fee payment.[1] Attorney Rajek's fee agreement did not include several of these required notices, nor did any other document provide these required notices to the client at the outset of the

---

[1] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4m) provided: A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

a. Upon accepting any advanced payment of fees pursuant to this subsection, the lawyer shall deliver to the client a notice in writing containing all of the following information:

. . .

4. that the lawyer has an obligation to refund any unearned advanced fee, along with an accounting, at the termination of the representation;

5. that the lawyer is required to submit any unresolved dispute about the fee to binding arbitration within 30 days of receiving written notice of such dispute; and

6. the ability of the client to file a claim with the Wisconsin lawyers' fund for client protection if the lawyer fails to provide a refund of unearned advanced fees.

representation. As such, by failing to include in his fee agreement the notices required by SCR 20:1.15(b)(4m)a.4., 5., and 6., Attorney Rajek allegedly violated those subsections of SCR 20:1.15(b)(4m) with respect to two clients, T.L. and M.J.

¶4 The other two counts of alleged misconduct pertained to an unresolved fee dispute with one of these clients and to Attorney Rajek's delay in cooperating with the ensuing OLR investigation. In August 2011, M.J. hired Attorney Rajek to represent her on a non-criminal traffic charge. The fee agreement required M.J. to pay Attorney Rajek an initial $2,500. M.J.'s case proceeded to a jury trial at which M.J. was found guilty. Attorney Rajek filed a Notice of Appeal on M.J.'s behalf but M.J. opted to terminate representation and proceed pro se. On April 26, 2012, Attorney Rajek sent M.J. a final bill reflecting a balance due of $8,250. M.J. formally disputed the amount due and M.J. and Attorney Rajek were unable to resolve their disagreement regarding the fee.

¶5 Former SCR 20:1.15(b)(4m)c provided that when a fee dispute cannot be resolved upon termination of representation:

> Upon timely receipt of written notice of a dispute from the client, the lawyer shall attempt to resolve that dispute with the client, and if the dispute is not resolved, the lawyer <u>shall submit the dispute to binding arbitration with the State Bar Fee Arbitration Program or a similar local bar association program within 30 days of the lawyer's receipt of the written notice of dispute from the client</u>.

(Emphasis added.)

4

¶6  On May 11, 2012, Attorney Rajek wrote to M.J., stating in part:

> I am in receipt of your letter disputing the bill that was sent to you regarding trial expenses followed by a notice informing the court that I will no longer be representing you. It is mandatory that your dispute be subject to binding arbitration. I have scheduled this matter with Judge Proctor for June 5, 2012, at 11:00 a.m. at Proctor ADR, LLC located at 116 West Grand Ave, Eau Claire, W1 54703.

Although Judge Proctor is a former Eau Claire County circuit court judge, who now provides alternative dispute resolution services, he was not affiliated with the State Bar Fee Arbitration Program or a similar local bar association program. Attorney Rajek's selection of Judge Proctor was unilateral.

¶7  M.J. objected to this choice and contacted the State Bar of Wisconsin Fee Arbitration Program, requesting binding arbitration. The State Bar, in turn, contacted Attorney Rajek to coordinate arbitration but, as of the date the disciplinary complaint was filed, Attorney Rajek had not agreed to submit to arbitration through the State Bar's arbitration program. The OLR alleged this violated SCR 20:1.15(b)(4m)c.

¶8  Attorney Rajek also delayed approximately two months before responding to the OLR's request for information regarding these matters. The OLR alleged this violated SCR 22.03(2).

¶9  While the OLR and Attorney Rajek litigated this disciplinary proceeding, we issued our decision in Rajek I. That matter also involved several counts of misconduct related to Attorney Rajek's fee agreement. We concluded that Attorney

5

Rajak had committed five of the six alleged violations of the Rules of Professional Conduct but we opted to impose no discipline and we reduced the costs he was required to pay. In re Disciplinary Proceedings Against Rajek, 2015 WI 18, ¶3, 361 Wis. 2d 60, 859 N.W.2d 439. We stated:

> [W]e conclude that Attorney Rajek committed the rule violations on five counts as found by the referee. The violations, however, involved relatively minor failures of communication, including failures in some instances to provide certain notices or pieces of information to clients under Supreme Court Rule (SCR) 20:1.15(b)(4m), which sets forth the alternative procedure for handling advanced fees. They did not involve the sufficiency or quality of the legal representation provided by Attorney Rajek to his clients. Given the particular facts of this case and the nature of the violations, we determine that it is not necessary to impose any discipline on Attorney Rajek and that there is no basis for a restitution award. We do require Attorney Rajek to pay costs, but we reduce the amount of costs he must pay to $8,500.

¶10 The Rajek I decision prompted the OLR to reconsider its position in this matter. Eventually, on September 12, 2016, the parties executed and filed a stipulation providing that the referee could recommend dismissal of this disciplinary case if and when Attorney Rajek agreed to submit to, and complete, binding arbitration in the fee dispute with his former client.

¶11 On March 15, 2017, the parties executed a revised stipulation. Attorney Rajek agreed to revise the form of his fee agreement to comply with the current SCR 20:1.5(g),[2] and he

---

[2] SCR 20:1.5(g) provides:

(g) A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business

(continued)

6

executed an affidavit averring that he will, in the future, use a fee agreement that contains the notices required by SCR 20:1.5(g) and will, upon termination of representation of a client, who has paid an advanced fee, abide by the written accounting and notice requirements of SCR 20:1.15(g)(2).[3]

account, provided that review of the lawyer's fee by a court of competent jurisdiction is available in the proceeding to which the fee relates, or provided that the lawyer complies with each of the following requirements:

(1) Upon accepting any advanced payment of fees pursuant to this subsection, the lawyer shall deliver to the client a notice in writing containing all of the following information:

a. The amount of the advanced payment.

b. The basis or rate of the lawyer's fee.

c. Any expenses for which the client will be responsible.

d. The lawyer's obligation to refund any unearned advanced fee, along with an accounting, at the termination of the representation.

e. The lawyer's obligation to submit any unresolved dispute about the fee to binding arbitration within 30 days of receiving written notice of the dispute.

f. The ability of the client to file a claim with the Wisconsin Lawyers' Fund for Client Protection if the lawyer fails to provide a refund of unearned advanced fees.

[3] SCR 20:1.15(g)(2) provides:

(2) Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

(continued)

7

¶12 On April 10, 2017, Referee Erickson filed a brief report recommending, consistent with the terms of the stipulation, the court dismiss the complaint.

¶13 On April 21, 2017, the OLR filed a detailed statement of costs but noted that costs should <u>not</u> be imposed if the complaint was dismissed. In its statement of costs, the OLR described the stipulation:

> [ ], the parties stipulated that OLR's disciplinary complaint can be dismissed without any findings of miscount, [sic] if Attorney Rajek first met certain conditions. It toke [sic] quite a while – years – but Attorney Rajek finally submitted the attorney fee dispute he had with his former client to binding arbitration with the State Bar of Wisconsin Fee Arbitration Program, and he has provided a new Flat Fee Agreement, compliant with current rules, which he will use in his law office for clients who pay an advanced fee. It is under those circumstances that OLR asked the referee to dismiss the complaint.

---

a. A final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment.

b. A refund of any unearned advanced fees and costs.

c. Notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting.

d. Notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

8

No appeal was filed and the matter was submitted to this court under SCR 22.17(2).

¶14 Upon review, the court observed that the stipulation did not expressly set forth the rationale for the OLR's decision to dismiss the complaint. Pursuant to long-standing policy, the court does not allow plea bargaining in attorney disciplinary cases. See, e.g., In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶85, 305 Wis. 2d 71, 740 N.W.2d 125 ("[W]e note that the OLR is not authorized to plea bargain disciplinary matters…"). In addition, the stipulation did not contain assurances that typically appear in a stipulation.[4]

¶15 We directed the OLR to file a supplemental brief addressing: (1) whether the stipulation comports with the prohibition against plea bargaining and, if so, if the stipulation should be amended to say so, and (2) the legal basis and rationale for dismissal of the pending charges in exchange

---

[4] Typically, stipulations executed in disciplinary matters state that the stipulation: did not result from plea bargaining; the lawyer avers that he or she fully understands the misconduct allegations; the lawyer understands the ramifications should this court impose the stipulated level of discipline; the lawyer understands his or her right to contest the matter; the lawyer understands his or her right to consult with counsel; the lawyer states that his or her entry into the stipulation is made knowingly and voluntarily; the lawyer states that he or she has read the OLR's complaint and the stipulation and that entry into the stipulation represents a decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR director. None of these assurances appear in this stipulation.

for the attorney's compliance with supreme court rules. The OLR filed its response on July 3, 2017.

¶16 The OLR explains that in the wake of this court's decision in Rajek I, in which this court indicated that the fee agreement violations did not warrant discipline, the OLR determined that it would be inappropriate to continue to seek a 60-day suspension in this case. It opted to focus on resolving the existing concerns by inducing Attorney Rajek to comply with the applicable rules and obtaining some assurance that he would comply in the future. The OLR states that its change in position "was a unilateral decision on the part of OLR, made following an assessment of the court's decision in [Rajek I] 2015 WI 18 [and] was not the result of plea bargaining."

¶17 The OLR asserts that the stipulation does not require amendment. The OLR states that it is "entirely satisfied" that Attorney Rajek fully understood his rights and that to further amend the stipulation would only result in additional delay. The OLR adds that it believes the course it chose "aligns with the spirit of the court's more recent adoption of what is

10

commonly called the 'discretion petition.'"[5] Attorney Rajek did not submit a response although he was permitted to do so.

¶18 Our decision in Rajek I is certainly relevant to the two alleged counts of misconduct involving Attorney Rajek's fee agreement. Reasonable minds could differ as to whether the

---

[5] The OLR's mention of the "discretion" rule refers to the court's decision to amend SCR 22.001(2) (the definition of "cause to proceed"); SCR 22.02(6) (intake); SCR 22.03(1) (investigation); and SCR 22.25(3)-(4) (closing an investigation). These rule changes confirm that the OLR has discretion at the pre-charging stage, with respect to investigating grievances and disposing of grievances upon completion of an investigation. See S. Ct. Order 14-06, 2016 WI 28 (issued Apr. 21, 2016, eff. July 1, 2016).

As amended, one of the criteria for finding "cause to proceed" is that the alleged misconduct "warrants discipline." The court also added a policy statement in SCR 21.02(1). The language added by the court is underlined, so it now provides:

> The Office of Lawyer Regulation consists of the director, investigative and support staff, and staff counsel and retained counsel. The office receives and responds to inquiries and grievances relating to attorneys licensed to practice law or practicing law in Wisconsin and, when appropriate, investigates allegations of attorney misconduct or medical incapacity, and may divert a matter to an alternatives to discipline program. The office is responsible for the prosecution of disciplinary proceedings alleging attorney misconduct and proceedings alleging attorney medical incapacity and the investigation of license reinstatement petitions. The office has discretion whether to investigate and to prosecute de minimus violations. Discretion permits the office to prioritize resources on matters where there is harm and to complete them more promptly.

other two counts involving refusal to submit to binding arbitration for a lengthy period of time and delay in cooperating with the OLR could warrant prosecution and discipline. However, we acknowledge that the OLR may, in its discretion, cease prosecution if, as here, the OLR determines that the charges at issue are de minimus. We are satisfied with the OLR's explanation for its decision to stipulate to dismissal of the pending complaint and its exercise of discretion in this matter. Accordingly, we adopt the referee's report, accept the stipulation, and dismiss the complaint. The OLR did not seek restitution and we do not order restitution in this case. Finally, because there is no finding of misconduct, we do not impose costs upon Attorney Rajek.

¶19 IT IS ORDERED that the complaint against Attorney Michael M. Rajek is dismissed.

¶20 IT IS FURTHER ORDERED no costs will be imposed.

12